IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-mc-67-JG

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>RITA SHARROCK, )<br>)<br>    Respondent. ) | **ORDER** |

On 1 October 2013, respondent Rita Sharrock ("Sharrock"), as plaintiff in a case she brought in Cumberland County District Court against defendant Worthy Real Estate, LLC, issued a trial subpoena to Curtis L. Davis ("Davis"), Field Office Director of the United States Department of Housing and Urban Development ("HUD"). The information sought by the subpoena includes testimony and documents concerning a complaint made by Sharrock and tenant data summaries from 2008 to 2013. On 11 October 2013, the United States, a nonparty in the state case, removed the subpoena proceeding to this court (*see* D.E. 1), pursuant to 28 U.S.C. § 1442, and filed a motion to quash the subpoena (D.E. 4). No opposition to the motion to quash has been filed. For the reasons set forth, the motion will be allowed.

The subpoena proceeding was properly removed to this court. Section 1442(a)(1) provides for removal of "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Section 1442(d) defines "civil action" to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for

testimony or documents, is sought or issued." *Id.* § 1442(d). Davis, as a Field Office Director of HUD, is a person acting under an officer of the United States in his official capacity, and the subpoena relates to acts under color of his office. The proceeding removed is one in which a subpoena was issued.

Although this proceeding was properly removed, sovereign immunity requires that the subpoena be quashed. A subpoena from a state court cannot be enforced against a federal employee absent waiver of sovereign immunity. *See United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (internal quotations and citations omitted) (citing, *e.g.*, *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989)). "Where the federal government waives its immunity from suit, 'limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied.'" *Jackson v. Reilly,* 2008 WL 706861, at *12 (D.S.C. 14 Mar. 2008) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981)). HUD has adopted regulations prescribing a procedure whereby information may be sought from it. *See* 24 C.F.R. §§ 15.201 *et seq.*; *see generally* 5 U.S.C. § 301 (authorizing federal agency heads to promulgate rules that govern "the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property"); *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 468 (1951) (upholding the validity of the regulations set forth by an agency head); *Boron*, 873 F.2d at 69 ("*Touhy* is part of an unbroken line of authority which directly supports . . . [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.").

In support of its motion to quash, the United States contends that Sharrock has not followed the procedures established by HUD for seeking information from it. By failing to respond to the United States's motion to quash, Sharrock does not contest this allegation or the quashing of the subpoena the United States requests based upon it. The court concludes that quashing the subpoena is warranted. *Caljeff, LLC v. A.M.E. Servs., Inc.*, No. 08-4789, 2008 WL 5427637, at *1 (E.D. La. 30 Dec. 2008) (quashing subpoena issued to HUD where the individuals sought to provide testimony had not been so authorized by the agency in accordance with regulations at 24 C.F.R. §§ 15.201 *et seq.*).

IT IS THEREFORE ORDERED that the motion by the United States to quash (D.E. 4) is ALLOWED and the subpoena is QUASHED.

This the 31st day of July 2014.

James E. Gates
United States Magistrate Judge